United States District Court
Southern District of Texas
**ENTERED**
August 22, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DANIEL ALANIS-GARZA, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Case No. 1:17-cv-047 |
| | § | (Criminal Case No. 1:11-cr-902) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

Before the Court is Petitioner Daniel Alanis-Garza's pro se "28 U.S.C. § 2255 Collateral Attack Motion Contesting Supervised Release on Deportable Time (hereinafter, Alanis-Garza's "Motion" or "§ 2255 Motion"). Dkt. No. 1. For the reasons stated herein, it is recommended that the Motion be **DISMISSED**.

## I. Jurisdiction

This Court has jurisdiction over Alanis-Garza's Motion pursuant to 28 U.S.C. § 1331 and § 2255.

## II. Background

On October 11, 2011, a federal grand jury indicted Alanis-Garza as an alien unlawfully found in the United States after deportation, having previously been convicted of a felony. *United States of America v. Daniel Alanis-Garza*, No. 1:11-cr-

00902-1, CR Dkt. No. 6.[1]  Alanis-Garza subsequently entered into a plea agreement with the United States, agreeing to plead guilty in exchange for a recommendation of full credit for acceptance of responsibility and a sentence at the low end of the applicable guideline range.  CR Dkt. No. 13.  The plea agreement also contained a waiver clause through which Alanis-Garza agreed to waive the right to contest the conviction or sentence by post-conviction proceedings, "including but not limited to Title 28, U.S.C. § 2255."  *Id.* at 4.  Alanis-Garza pleaded guilty in fulfillment of the agreement on November 29, 2011.  CR Dkt. No. 12.  A probation officer prepared a Presentence Investigation Report ("PSR") on February 9, 2012.  Dkt. No. 11.  On March 7, 2012, United States District Judge Hilda Tagle sentenced Alanis-Garza to 24 months' imprisonment and a three-year term of unsupervised release ("2011 case").  CR. Dkt. No. 25.  Both assessments were within the range for which Alanis-Garza qualified under the United States Sentencing Guidelines.  *See* Dkt. No. 11 at 15-21, 69 (identifying Alanis-Garza's total offense level and criminal history category).  Alanis-Garza did not appeal.  He completed his sentence on September 14, 2014, and was subsequently deported to Mexico.  Dkt. No. 8-6 at 3.

On June 30, 2015, Alanis-Garza was again indicted for illegal reentry.  *United States of America v. Daniel Alanis-Garza*, No. 1:15-cr-00550, CR Dkt. No. 6.  In that case, Alanis-Garza pleaded guilty before this Court on July 15, 2015 ("2015 case").  Dkt. No. 8-8.  Judge Tagle revoked Alanis-Garza's term of supervision in the 2011 case and sentenced him to 24 months' imprisonment, to be served

---

[1] Hereinafter, Alanis-Garza's criminal case docket entries ("CR Dkt. Nos.") will be referred to only by their docket entry numbers.

consecutively with the 30-month sentence imposed for the 2015 case. Dkt. No. 8-9. Alanis-Garza appealed the revocation of supervision in the 2011 case to the Fifth Circuit, asserting that the judgment failed to include an oral recommendation from this District Court that Alanis-Garza "be placed in a facility in Three Rivers or as close to South Texas as possible." *United States v. Alanis-Garza*, 667 F. App'x 445, 446 (5th Cir. 2016). The Fifth Circuit remanded the case to the Court for the limited purpose of incorporating this recommendation into the judgment. *Id.* The Court amended the judgment on July 26, 2016. Dkt. No. 8-10.

Alanis-Garza filed his instant § 2255 Motion on February 27, 2017. Dkt. No. 1. He asserts that the United States Sentencing Guidelines Commission does not authorize the imposition of supervised release terms on deportable aliens. *Id.* at 2. Accordingly, Alanis-Garza contends, he could not be punished for violating the supervised release conditions of his 2011 case, because the imposition of the term was impermissible under the sentencing guidelines. *Id.* The United States responded to Alanis-Garza's Motion on April 25, 2017. Dkt. No. 9.

### III. Legal Standard

Pursuant to 28 U.S.C. § 2255, a defendant may move to vacate, set aside or correct his sentence if: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28

U.S.C. § 2255(a). The nature of a § 2255 collateral challenge is extremely limited, being reserved for instances of constitutional or jurisdictional magnitude. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If an error is not of constitutional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

## IV. Discussion

Liberally construed, Alanis-Garza's sole claim is that the Court's imposition of a three-year supervised release term in his 2011 case violated Amendment 756 of the United States Sentencing Guidelines. Dkt. No. 1. Specifically, Alanis-Garza contends that the language in Amendment 756, providing that "a court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment," stands for the proposition that courts are not authorized to impose supervised release terms on deportable aliens. *Id.* at 2. Respondent first argues that Alanis-Garza waived the right to collaterally attack his conviction and sentence through the waiver clause of his plea agreement. Dkt. No. 9 at 6. Additionally, Respondent maintains that the Motion is untimely, procedurally defaulted, and not cognizable. *Id.* at 7-9. Finally, Respondent contends that Alanis-Garza's claim lacks merit because Amendment 756 does not prohibit courts from imposing supervised release on deportable aliens. *Id.* at 10.

### a) Whether Alanis-Garza's Motion is Time-Barred

As a threshold matter, the Court must first determine whether Alanis-Garza raised a timely motion. *See United States v. Flores*, 135 F.3d 1000, 1002 (5th Cir. 1998) (characterizing the timeliness of a § 2255 Motion as a threshold question to be addressed first). § 2255(f) provides four separate grounds for assessing the timeliness of a collateral attack. A defendant's one-year limitation period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255(f).

In this case, § 2255(f)(3) does not apply to Alanis-Garza's Motion because he has failed to assert a claim based upon a right, newly recognized by the Supreme Court, and made retroactively applicable to cases on collateral review. Further, Alanis-Garza has not submitted any information to the Court invoking § 2255(f)(2) or (4). Accordingly, § 2255(f)(1) provides the relevant standard for timeliness of the

instant Motion: Alanis-Garza's deadline for filing his Motion was one year from the date on which the judgment of his conviction became final.

A conviction is "final" for purposes of § 2255(f)(1) upon expiration of the direct appellate process. *United States v. Gentry*, 432 F.3d 600, 604 (5th Cir. 2005). The direct appellate process ends when a final judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or finally denied. *Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6 (1987). When a defendant does not appeal, the judgment of conviction becomes final on the last day the defendant *could* have filed a notice of appeal. *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (emphasis added); *United States v. Scruggs*, 691 F. 3d 660, 669 (5th Cir. 2013). Under the Federal Rules of Appellate Procedure, the last day on which a defendant could file an appeal in a criminal case would be 14 days after the entry of judgment. *See* FED. R. APP. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of . . . the entry of either the judgment or the order being appealed"); *Ross v. Global Marine*, 859 F.2d 336, 337 (5th Cir. 1988) ("Repeatedly, we have held that the time for appealing from a judgment is measured from the date of entry, or docketing, not the date of signing by the judge or the date of filing.")

In this case, the Court rendered final judgment of Alanis-Garza's conviction on March 26, 2012. Dkt. No. 8-9. Alanis-Garza's window to pursue a direct appeal closed 14 days later, on April 9, 2012. Alanis-Garza did not appeal his conviction or

file a writ of certiorari. Therefore, his conviction became final on April 9, 2012, and the deadline for Alanis-Garza to file a § 2255 Motion was one year later, on April 9, 2013. Alanis-Garza did not file his Motion until February 27, 2017.[2] Dkt. No. 1.

The § 2255 limitations period is strictly construed. *Fierro v. Cockrell*, 294 F.3d 674, 684 (5th Cir. 2002) ("Congress has imposed a strict one-year limitations period for the filing of all habeas petitions . . . subject only to the narrowest of exceptions."). However, the failure to file a § 2255 Motion within the statute of limitations need not be dispositive in every case. If, for example, the movant can show an application of the statute of limitations would be inequitable under the circumstances, then the motion can bypass the statute of limitations via the doctrine of equitable tolling. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). But in this case, Alanis-Garza does not assert that equitable tolling applies. Alanis-Garza never responded to Respondent's contention that his Motion was time-barred, despite being notified that he had 21 days to do so. *See* Dkt. No. 4 ("Should Alanis-Garza wish to file a reply to Respondent's response, he must do so within 21 days of receiving the response."). Because Alanis-Garza filed his § 2255 Motion over three years after his conviction became final, without raising any exception to the ordinary statute of limitations, Alanis-Garza's Motion should be dismissed as time-barred.

---

[2] In general, if a movant certifies that he placed his § 2255 motion in the prison mailing system on a particular date, his motion will be considered filed on that date. *See Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (noting that, for statute of limitations purposes, a pro se prisoner's application is filed on the day it is placed in the prison mailing system). Alanis-Garza certifies that he placed his Motion in the hands of prison authorities on February 27, 2017. Dkt. No. 1 at 3. The Court will use this date as the filing date for purposes of calculating Alanis-Garza's statute of limitations period.

### b) Whether Alanis-Garza's Motion is Cognizable

Even if Alanis-Garza's Motion were timely, Alanis-Garza's argument does not present a cognizable claim under the statutory grounds for relief. A federal prisoner may only obtain relief under § 2255 if his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A prisoner may not attack a court's technical application of the United States Sentencing Guidelines in a § 2255 motion, because such a claim is not cognizable under 28 U.S.C. § 2255. *See United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue."); *United States v. Arias-Lopez*, No. CA C-12-148, 2013 WL 628694, at *4 (S.D. Tex. Feb. 19, 2013) ("A court's technical application of the sentencing guidelines is not cognizable in a § 2255 motion.") (citations omitted).

Alanis-Garza asserts that the Court's imposition of supervised release in connection with his 2011 case violated the sentencing guidelines. Dkt. No. 1 at 2. However, the Court's technical application of the guidelines is not subject to collateral attack. *Vaughn*, 955 F.2d at 368. Alanis-Garza does not assert that the imposition of supervised release violated his constitutional rights, nor does he submit any other allegations which would tend to create a cognizable claim. Thus, Alanis-Garza's claim is not cognizable and his Motion is subject to dismissal.

### c) Whether Alanis-Garza Waived the Right of Collateral Attack

Alanis-Garza signed a plea agreement with provisions that specifically purported to waive his post-conviction remedies under § 2255. CR Dkt. No. 13 at 4. Respondent contends that this agreement precludes Alanis-Garza from now raising the instant Motion. Here, too, Respondent is correct.

A validly executed plea agreement may bar a defendant from raising a subsequent § 2255 motion. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *Sosa v. United States*, No. CA B-16-146, 2017 WL 3267928 (S.D. Tex. Aug. 1, 2017). The defendant's waiver of a statutory right through a plea agreement will be deemed valid where "(1) his waiver is knowing and voluntary, and (2) the waiver applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Rodriguez-Estrada*, 741 F.3d 648, 650 (5th Cir. 2014). In order for the waiver to be knowing and voluntary, the "defendant must know that he had a right to appeal his sentence, and that he was giving up that right." *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994).

Here, Alanis-Garza's waiver satisfies the requirements for validity. First, Alanis-Garza's waiver was knowing and voluntary. Alanis-Garza's signature certifies his acknowledgment that "no threats have been made against him . . . and [he] is pleading guilty freely and voluntarily because he is guilty." Dkt. No. 8-5 at 8. The plea agreement also expressly provides that Alanis-Garza was aware of his right to collaterally attack his sentence under § 2255 prior to waiver. *Id.* at 4. Alanis-Garza has not submitted any evidence to the Court to suggest his plea

agreement was not knowing and voluntary. Second, based on the plain language of the agreement, the waiver applies to the circumstances at hand. Alanis-Garza agreed that he waived his right to contest his conviction or sentence "by means of any post-conviction proceedings, including but not limited to Title 28, U.S.C. § 2255." *Id.* Yet over three years later, Alanis-Garza filed the instant Motion clearly indicating that he seeks relief under 28 USC § 2255. Dkt. No. 1. The waiver is applicable in this case, and serves to bar Alanis-Garza from pursuing his Motion.

### d) Whether Alanis-Garza's Claim Was Procedurally Defaulted

Alternatively, Respondent argues that Alanis-Garza's claim is procedurally defaulted because it was not raised on direct appeal. "A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude, and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 231-232 (5th Cir. 1991) (internal citations omitted). Stated differently, a defendant generally may not file a motion for relief under § 2255 without first pursuing a direct appeal, absent a showing of both "cause" and "actual prejudice." The Supreme Court has recognized an exception to this requirement "where a constitutional violation has probably resulted in the conviction of one who is actually innocent[.]" *Murray v. Carrier*, 477 U.S. 478, 495-496 (1986).

Alanis-Garza did not appeal the imposition of supervised release, instead raising this issue for the first time in his § 2255 Motion. While a showing of cause

and actual prejudice could rectify the omission of an appeal, Alanis-Garza has not submitted any evidence to the Court on either element. A plea agreement's waiver of the right to appeal does not serve as sufficient cause for the defendant's failure to file an appeal. *Aleman v. United States*, CA No. B-06-148, 2007 WL 9624875 (S.D. Tex. Sept. 4, 2007), *adopted by* 2008 WL 11278048 (S.D. Tex. Jan. 10, 2008). Furthermore, Alanis-Garza does not claim actual innocence or plead additional facts which could suggest that he has been prejudiced by a deprivation of a constitutional right, or that the dismissal of his Motion would result in a miscarriage of justice. The application of the sentencing guidelines does not create a miscarriage of justice sufficient to establish prejudice for purposes of a § 2255 Motion.[3] *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). Thus, Alanis-Garza's claim regarding supervised release was procedurally defaulted by his failure to appeal.

## IV. Evidentiary Hearing

In the instant case, the record is adequate to dispose fairly of Alanis-Garza's claim. "When the files and records of a case make manifest the lack of merit of a Section 2255 claim, the trial court is not required to hold an evidentiary hearing." *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981). As such, an evidentiary

---

[3] Amendment 756 of the United States Sentencing Guidelines does not prohibit courts from imposing supervised release on deportable aliens, as Alanis-Garza contends. *See* U.S. SENTENCING GUIDELINES MANUAL § 5D1.1 cmt. n.5 (U.S. SENTENCING COMM'N 2011) (providing for supervised release of deportable aliens in particular cases). Due to the array of procedural hurdles surrounding Alanis-Garza's Motion, however, the Court need not reach the merits of the Motion in order to recommend dismissal.

hearing is unnecessary. *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990).

## V.     Certificate of Appealability

A certificate of appealability shall not issue unless the movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotations and citations omitted). Stated differently, where claims have been dismissed on the merits, the movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. Where claims have been dismissed on procedural grounds, the movant/petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability should not issue in this case because Alanis-Garza has not made a substantial showing of the denial of a constitutional right.

## VI. Recommendation

It is recommended that Alanis-Garza's § 2255 Motion be **DISMISSED** with prejudice. Additionally, it is recommended that the Court decline to issue a certificate of appealability.

## VII. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 22nd of August, 2017.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**